```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

**TIRRELL WELLS**                                 **CIVIL ACTION**

**VERSUS**                                        **NO. 07-8056**

**JEFFREY TRAVIS, WARDEN**                        **SECTION "B" (2)**


ORDER AND REASONS

Before the court is Petitioner's Petition for Writ of Habeas Corpus. (Rec. Doc. 4). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Petitioner's Petition is **DENIED**.

BACKGROUND

The Magistrate Judge adopted the following facts from the Louisiana Fifth Circuit Court of Appeal. (Rec. Doc. No. 12). On October 2, 1997, Tirrell Wells was tried by jury and found guilty of possession with intent to distribute cocaine. 50 individually wrapped rocks of cocaine were found on Petitioner's person by JPSO deputies. Wells was charged by bill of information in Jefferson Parish. The bill of information was amended approximately a year and one half after filing to include a predicate charge of possession with intent to distribute cocaine. Wells was initially sentenced to 60 years in prison at hard labor due to his status as a second felony offender, as charged in the amended bill of information. Petitioner's attorney did not file timely written notice of intent to appeal, but did orally notify the court of his

intention to appeal at the time of sentencing. Because petitioner failed to file written notice within five days as required by La. Code Crim. P. Art. 914, his conviction and sentence became final on October 23, 1997.

Two years later, Wells began to seek post-conviction relief claiming ineffective assistance of counsel, excessive sentence, and prejudicial error in allowing the bill of information containing the predicate offense to be read to the jury. A complex procedural history ensued. After a series of self-described miscellaneous motions with the trial court, petitioner filed a *pro se* Application for Post-Conviction Relief, which the Fifth Circuit Court of Appeal granted with respect to the excessive sentence only, holding that the record lacked sufficient evidence to prove that petitioner was a second offender.

Wells was resentenced by the trial court to 30 years at hard labor. In 2003, the state filed a multiple offender bill of information alleging the same predicate offense and Wells was subsequently sentenced as a second felony offender to another 30 years at hard labor. He again appealed his sentence as illegal in 2004 on double jeopardy grounds. The Louisiana Fifth Circuit affirmed the sentence, holding that double jeopardy protections were not applicable to multiple offender sentencing proceedings. On October 31, 2005, Wells submitted another Application for Post-Conviction Relief alleging six constitutional violations. The application was denied by the trial court, the Fifth Circuit Court

of Appeal, and the Louisiana Supreme Court. Accordingly, on November 6, 2007, Wells filed a petition for a writ of habeas corpus alleging the same six violations:

> (1) The state trial court violated double jeopardy by enhancing his sentence after the State's first attempt to do so was reversed due to insufficient evidence.
>
> (2) The state trial court lacked jurisdiction to sentence him as a multiple offender.
>
> (3) The state trial court erred in admitting "other crimes" evidence by reading the amended bill of information to the jury.
>
> (4) Louisiana's sentencing scheme is unconstitutional in that he did not receive a jury trial on the issue of enhancement.
>
> (5) He was denied the right to a jury trial on the multiple bill.
>
> (6) The State's closing argument was improper.

## DISCUSSION

**I. Standard of Review**

Wells's petition is subject to the guidelines enumerated in the Antiterrorism and Effective Death Penalty Act of 1996. Two threshold elements must be met in order to grant relief under the AEDPA. First, the petition for relief must be timely. Second, the claims must have been fully adjudicated on the merits in the state courts.

**II. Timeliness**

First, the court must decide whether Wells's petition was timely. The AEDPA requires that a habeas petition be filed no later

than one year from the final judgement on the underlying conviction. 28 U.S.C. § 2244 (d)(1)(A). Petitioner's conviction became final on October 23, 1997. It is undisputed that he failed to file his habeas petition within one year of that date, having filed it on November 6, 2007. This court must determine whether the one year time limitation has been tolled such that the petition is timely.

### A. Statutory Tolling

This court declines to determine whether Petitioner's out of time appeal granted by the Louisiana Fifth Circuit Court of Appeal rejuvenated the one year time limitation. In a similar case, *Salinas v. Dretke*, 354 F.3d 425,429-30 (5th Cir.), *cert. denied*, 541 U.S. 1032 (2004), the court determined that granting of an out of time petition for discretionary review did not restart the time period contained in the AEDPA. The court reasoned that the AEDPA allows tolling only during pending state collateral review. It creates a linear, specific time frame that allows for the possibility of tolling to extend that time, but does not contemplate an extension once that time period has expired. *Id.*

The Magistrate Judge notes that a case addressing the same issue, *Department of Corrections v. Fierreira*, No. 07-1008,2008 WL 320496(U.S. 2008), is currently pending review by the Supreme Court and could therefore affect the outcome of the present case.

### B. Equitable Tolling

The one year time limitation in the AEDPA is subject to

equitable tolling in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The United States Supreme Court has established two elements which, generally, the requesting party must show in order to apply equitable tolling. First, the petitioner must pursue his rights diligently. Second, he must show that extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Mr. Wells argues that because Petitioner's attorney gave oral notice of intent to appeal in the presence of Mr. Wells, he was justified in believing that an appeal was underway. (Rec. Doc. No. 13). In fact, his attorney never filed written notice, nor did he act to appeal the conviction.

Equitable tolling applied in *U.S. v. Wynn*, 292 F.3d 226 (5th Cir. 2002), when the defendant and his father were mislead by the defense attorney to believe that an appeal had been filed. However, the facts in *Wynn* indicate that the defendant sent several letters to both the court and his attorney inquiring about the status of his appeal. He also sent his father to speak with the attorney when he was unable to reach the attorney by phone, and his father was assured an appeal had been filed when, in fact, it had not. *Id*. at 228-29. Equitable tolling was applied and Wynn's case was remanded for an evidentiary hearing to determine his reasonable reliance on the defense attorney's misrepresentations. *Id*. at 230-31. Equitable tolling was also applied in *Vineyard v. Dretke*, 125 Fed. Appx. 551, 552 (5th Cir. Mar. 14, 2005), when the defendant's attorney falsely

assured the defendant over a period of approximately one year that his appeal was pending and he should wait when, again, no appeal was actually filed.

In the present case, however, Petitioner does not clearly assert that he attempted to follow up on the appeal with his attorney, a fact that distinguishes Wells's case from *Wynn* and *Dretke*. None of Petitioner's filings indicate that he took any further action whatsoever for two full years. Under the Supreme Court rule for equitable tolling, Petitioner must pursue his rights diligently. As the court noted in *Coleman v. Johnson*, 184 F. 3d 398 (5th Cir. 1999)(citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)), "equity is not intended for those who sleep on their rights." Absent a showing that Mr. Wells diligently pursued his right to appeal during the two year time period between his final conviction and his ultimate appeal, error by counsel, though an extraordinary circumstance, is not sufficient to apply equitable tolling if the diligence element of the Supreme Court's test is not met.

## II. Exhaustion

As a prerequisite to a habeas petition, all claims raised must first be exhausted in state court before federal collateral relief may be requested. *Whitehead v. Johnson*, 157 F. 3d 384, 387 (5th Cir.1998)(*citing* Rose v. Lundy, 455 U.S. 509, 519-20, 102 S. Ct. 1198 (1982)). The claim is deemed exhausted when it has been

properly presented to the highest state court. *Id.* at 387. The claims raised in federal court must be the "substantial equivalent" of the claims raised at the highest state court, that is, no new legal theories or claims can be asserted in the federal application. *Id.*

The state argues that five of Petitioner's claims are not exhausted because they were denied at the state level on procedural grounds, and concedes exhaustion of the first claim. (Rec. Doc. No. 11). However, as this court has noted, dismissal by the state on procedural grounds does not equate to failure to exhaust. *Simmons v. Cain*, 2008 WL 695386 (E.D. La. Mar. 12, 2008)(Berrigan, J.). Because the state courts were given the opportunity to address Petitioner's claims, they have been exhausted as required by the AEDPA. The fact that the state courts dismissed the claims as procedurally barred, as was the case in *Simmons*, nonetheless renders them exhausted as contemplated by the AEDPA.

### III. Procedural Default

Federal courts are precluded from reviewing claims that were denied by state courts if the state court relied on a state-law ground that is independent of the federal question and adequate to support the judgment. *Foster v. Johnson*, 293 F.3d 766, 785-86 (5th Cir. 2002). The last reasoned decision on the claims asserted in Wells's habeas petition were last adjudicated by the Louisiana Supreme Court when it denied the claims on procedural grounds, with

the exception of the first claim. According to the Report and Recommendation, the Louisiana Supreme Court relied on La. Code Crim. P. Articles 930.3, 930.4, and 930.8. Louisiana law found Petitioner's final five claims inappropriate for post conviction review, untimely, and impermissibly successive.

Petitioner, in his objection to the Magistrate Judge's Recommendation argues that La. Code Crim. P. Art. 930.4 is not an independent and adequate state ground because it is not uniformly followed as required by *Smith v. Black*, 970 F.2d 1383 (5th Cir. 1992). Further, Petitioner asserts that federal habeas review is available if the petitioner can demonstrate "cause and prejudice," citing *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). Finally, Petitioner asserts that federal review is appropriate where the circumstances are such that failure to review would result in a fundamental miscarriage of justice.

**A. Independent and Adequate**

This court has held that La. Code Crim. P. Art. 930.4 is "clearly an independent and adequate state law procedural basis for denying review of an untimely raised post conviction claim." *Gilkers v. Cain*, 2006 WL 1985969  (E.D. La. May 30, 2006)(Duval, J.).

Petitioner claims that Louisiana courts apply post-conviction rules differently from court to court, and therefore Art. 930.4 is not an independent and adequate state ground. Petitioner relies on

*Smith v. Black*, 970 F.2d 1383, 1386 (5th Cir. 1992), which states that "a state procedural rule will not function as an adequate and independent state ground supporting the judgment if it is not 'strictly or regularly followed.'" However, Petitioner cites no evidence of such inconsistency in post conviction relief proceedings.

Given this court's previous finding of Art. 930.4 to be independent and adequate, and Petitioner's lack of evidence that the law is not uniformly applied, this court finds that Petitioner's second through sixth claims have been adjudicated at the state level on independent and adequate state law grounds and are thus procedurally barred.

### B. Cause and Prejudice

Federal habeas review of a claim adjudicated on independent and adequate state procedural grounds is still available if the petitioner can show cause and prejudice. *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). To establish cause, Petitioner must show that "some objective factor external to the defense impeded efforts to comply with the state's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 479, 106 S. Ct. 2639 (1986). This court finds no evidence of cause external to the defense in the record.

Petitioner's argument for cause is that the state failed to comply with La. Code Crim P. Art. 930.4(F). Article 930.4 prohibits consideration of a claim for relief which has been fully

9

litigated in an appeal from the proceedings leading to the judgment of conviction and sentence. Article 930.4(F) states that the court shall order the petitioner to state reasons for his failure if the court considers dismissing the petition for Petitioner's failure to raise the claim in the proceedings leading to conviction, failure to urge the claim on appeal, or failure to include the claim in a prior application.

Petitioner contends that the court's failure to order him to explain the reasons for his default create cause. However, this court held, in a case with similar facts relating to Article 930.4, that it "will not disturb a state court's reasonable application of its own procedural rule absent some uneven use of the rule." *Hess v. Cain*, 2005 WL 1038558 (E.D. La. 2005)(Berrigan, J.). Petitioner has made no showing of uneven use, thus, this court will not consider Article 930.4 as cause. Further, the state court did not rely solely on Art. 930.4 in denying Petitioner's appeal. The Magistrate's Report and Recommendation makes clear that the Louisiana Supreme Court also relied on Articles 930.3 and 930.8, both of which the Magistrate deemed independent and adequate.

Because Petitioner has failed to show cause, this court need not consider whether prejudice existed. *Ratcliff v. Estelle*, 597 F.2d 474 (5th Cir. 1979)(citing *Lumpkin v. Ricketts*, 551 F.2d 680, 681-82 (5th Cir 1977)).

**C. Fundamental Miscarriage of Justice**

Because Petitioner has failed to show cause and prejudice, he must show that a fundamental miscarriage of justice would occur if his claims were not addressed in order to overcome the procedural bar. *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir.1997). In order to grant federal relief on this ground, the court must be satisfied that after considering all of the evidence now available, the trier of fact would have had reasonable doubts about the defendant's actual guilt. *Campos v. Johnson*, 958 F.Supp. 1180, 1195 (W.D. Tx. 1997). Petitioner raises only procedural claims in his Objection, and never asserts any claim or evidence that he is not guilty of possession with intent to distribute cocaine. Thus, federal relief is not available and his claims are procedurally barred from review.

**IV. Merits Review**

Petitioner's first claim, double jeopardy, is not procedurally barred and must therefore be considered on the merits. The standard of review is set forth by 28 U.S.C. § 2254. A state court's determinations of both law and fact are reviewed under § 2254(d)(1) and habeas review of that decision is appropriate only if the state court arrives at a decision that is contrary to a previous holding of the Supreme Court on a matter of law, or on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362. 405-06, 120 S. Ct. 1495 (2000). The burden is on the Petitioner to show

that the state court's application was unreasonable. *Price v. Vincent*, 538 U.S. 634, 641 (2003)(citing *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)).

**A. Double Jeopardy**

Wells claims that after his first multiple offender sentence was reversed due to insufficient evidence, the double jeopardy clause precluded the state from refiling a multiple offender bill and sentencing Wells as a second felony offender after the Louisiana Fifth Circuit remanded the case finding insufficient evidence of a predicate offense. (Rec. Doc. No. 1).

The Supreme Court has historically held that double jeopardy protections do not apply to sentencing proceedings. *Monge v. State of California*, 524 U.S. 721, 727 (1992)(citing *Bullington v. Missouri*, 451 U.S. 430, 438 (1981); *Nichols v. United States*, 511 U.S. 738, 747 (1994)). Specifically, the court held in *Monge* that an enhanced sentence is simply a heightened penalty for the latest conviction. *Id*.(citing *Gryger v. Burke*, 334 U.S. 728, 732 (1948); *Moore v. Missouri*, 159 U.S. 673, 678 (1895)).

Wells was not placed in double jeopardy for a single offense, rather, he was properly given a heightened sentence for his latest conviction in accordance with Louisiana's habitual offender laws. Wells has failed to show that the state court's decision was contrary to established federal law as required by 28 U.S.C. §2254(d)(1). Therefore, Wells is not entitled to habeas relief on

this claim.

Accordingly,

**IT IS ORDERED** that Petitioner's Petition is **DENIED**.

New Orleans, Louisiana this 5th day of August, 2008.

_____
**UNITED STATES DISTRICT JUDGE**